IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JDP HOLDINGS, LLC,<br><br>               **Plaintiff,**<br><br>    vs.<br><br>SCOTTSDALE INDEMNITY COMPANY, SCOTTSDALE INSURANCE COMPANY, NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, and NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>               **Defendants.** | 8:21CV256<br><br><br><br>ORDER |

      This matter comes before the Court following a telephone conference held with counsel for the parties on February 8, 2022, before Magistrate Judge Michael D. Nelson. Counsel for defendant requested the telephone conference because to date, Plaintiff has not provided complete answers and responses to Defendants' Interrogatories and Requests for Production of Documents, which were originally served on October 27, 2021.

      Defense counsel states the propounded discovery requests generally seek information regarding: 1) whether Scottsdale Insurance Company is the actual insurer of the properties at issue; 2) the factual and documentary support for Plaintiff's claims of the 42 properties that Plaintiff alleges suffered damage in the hail storm; 3) the factual and documentary basis for the Plaintiff's claim that additional insurance benefits totaling $1.6M+ is owing; 4) identification and confirmation of property ownership in order to establish support for a potential defense that the Plaintiff is not the real party in interest in regard to these particular properties; and 5) the underlying condition of each of the properties both before and after the storm event because the insurance policy at issue is not a replacement cost but rather an actual cash value policy.

      Defendants are entitled to the relevant discovery to defend from Plaintiff's claims and Plaintiff is required to provide discovery to prove its claims. See Fed. R. Civ. P. 26(b)(1)("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). Plaintiff's counsel states he has had difficulty obtaining the information and documents requested. Based on the information before the court, Plaintiff has not provided to its counsel the information needed to

collect records and to serve full and complete answers, as required by the Federal Rules of Civil Procedure. This case cannot proceed without such disclosures. Accordingly,

**IT IS ORDERED:**

1. On or before March 4, 2022, Plaintiff shall fully supplement all outstanding written discovery. **Plaintiff's counsel shall file a certificate of service on the docket when such supplementation is served**.
2. Plaintiff is notified that failure to timely comply with this order may result in dismissal of this case, with prejudice, for want of prosecution without further notice.
3. Plaintiff's counsel shall mail a copy of this order to Plaintiff, and Plaintiff's counsel shall file a certificate of service stating the date of the mailing and the Plaintiff's mailing address.
4. The clerk shall set a case management deadline of March 4, 2022, to check for compliance with this order.

Dated this 8th day of February, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge